# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL FAJARDO-MEZA,<br><br>    Defendant-Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. 09-CR-2111 W<br>11-CV-0373 W<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IFP [DOC. 73] AND DENYING MOTION FOR CERTIFICATE OF APPEALABILITY [DOC. 72]** |

On February 23, 2011, Petitioner Joel Fajardo-Meza, a federal prisoner proceeding pro se, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "Petition"). Respondent United States of America opposed, and on February 15, 2012, this Court denied the Petition.

Petitioner now requests that the Court issue a certificate of appealability ("COA"). Petitioner also seeks leave to proceed in forma pauperis ("IFP") on appeal. For the reasons stated below, the Court **GRANTS** Petitioner's request to proceed IFP on appeal (Doc. 73), and **DENIES** Petitioner's request for a COA (Doc. 72).

//
//
//

## I. BACKGROUND

On August 23, 2009, Petitioner agreed to plead guilty to Count 1 of the Indictment, conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a) and 846. (*See Plea Agreement* [Doc. 26], ¶ I.A.) Under the terms of the Plea Agreement, Petitioner agreed to waive his right to appeal or collaterally attack his sentence, "unless the Court impose[d] a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government pursuant to this agreement at the time of sentencing." (*Id.* ¶ XI.)

On October 13, 2009, Petitioner pled guilty. (*See 10/13/09 Minute Entry* [Doc. 25].) On April 20, 2010, this Court sentenced Petitioner to 90 months' imprisonment followed by five years of supervised release. (*See 4/20/10 Minute Entry* [Doc. 41].)

On February 23, 2011, Petitioner filed the Petition. Respondent opposed arguing, among other things, that Petitioner waived his right to collaterally attack his sentence.

On August 24, 2011, Petitioner filed a motion for extension of time to respond to Respondent's opposition. (*See Mt. for Extension of Time* [Doc. 67].) However, on November 1, 2011, Petitioner filed a notice stating that he did not intend to respond to Respondent's opposition, and urging the Court to issue a ruling on his Petition. (*See Notice* [Doc. 69], at 1.) On February 15, 2012, this Court issued an order denying the Petition. (*See 2/15/12 Order* [Doc. 70].

## II. IFP MOTION

A party seeking to proceed IFP on appeal must file a motion in the district court. See Fed R. App. P. 24(a)(1). The determination of whether a plaintiff is indigent, and thus unable to pay the filing fee falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's

requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed IFP. <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of IFP status, "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." <u>Id.</u> at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." <u>Temple v. Ellerthorpe</u>, 586 F.Supp. 848, 850 (D.R.I. 1984).

Having read and considered the papers submitted, the Court finds that Petitioner has demonstrated that he is unable to pay the fees or post securities required to pursue his appeal. According to his declaration, Petitioner receives approximately $100 a month in support from family. (*Attached Supporting Dec.* [Doc. 73], ¶ 2.) He receives no other income. For these reasons, the Court **GRANTS** Petitioner's motion to proceed IFP on appeal.[1] (Doc. 73.)

### III. REQUEST FOR COA
#### A. Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 State. 1214 (1996) ("AEDPA"), a federal prisoner may not appeal the denial of a section 2255 habeas petition unless he obtains a COA from a district or circuit judge. 28 U.S.C. § 2255 (c)(1)(A); see also <u>United States v. Asrar</u>, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under the AEDPA). In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. <u>Asrar</u>, 116 F.3d at 1270. A court may issue a COA

---

[1] This finding is consistent with the docket, which indicates that the fee for the notice of appeal has been waived. (*See Doc. Entry* 71.)

only if the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show that: (1) the issues are debatable among jurists of reason; (2) a court could resolve the issues in a different manner; or (3) the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473 (2000)); *Barefoot v. Estelle*, 463 U.S. 880 (1983). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." Lambright, 220 F.3d at 1025 (citation omitted).

**B.** **Analysis**

Here, the issue before the Court was whether Petitioner waived his right to collaterally attack his sentence, and whether the waiver was valid.

Courts have repeatedly upheld the validity of appeal waivers finding that "public policy strongly supports plea agreements." United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990); see also Brady v. United States, 397 U.S. 742, 752 n. 10 (1970); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Courts will enforce a Petitioner's appeal waiver if (1) the waiver is knowingly and voluntarily made; and (2) the waiver, by its terms, waives the right to appeal. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000).

First, a valid waiver requires that the Petitioner agreed to its terms knowingly and voluntarily. See id. A reviewing court looks to the circumstances that surround the plea agreement's signing and entry to determine whether a defendant agreed to its terms knowingly and voluntarily. See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 2000).

In the present case, Petitioner entered into the Plea Agreement with his attorney's advice and consent (*Plea Agree.* p.1:17–20), and Petitioner represented that he fully understood the agreement (*Id.* ¶ XV). Petitioner also represented that his plea was knowing and voluntary. (*Id.* ¶ VI.) And Petitioner represented that he was

satisfied with his attorney's performance. (*Id.* ¶ XVI.) Additionally, during the plea colloquy, Petitioner confirmed while under oath that the Plea Agreement was explained to him in Spanish, that he understood everything, that he had sufficient time to consult with his counsel, and that neither he nor anyone near or dear to him had been threatened in order to get him to enter the plea. (*Reporter's Transcript of Proceedings, 10/13/09* [Doc. 58], 3:20–5:5.) Based on these facts, this Court found that Petitioner knowingly and voluntarily agreed to the terms of the Plea Agreement, including the waiver provision.

Second, a valid waiver must also explicitly state that Petitioner is waiving his right to appeal. See Nunez, 223 F.3d at 958. A reviewing court applies contract principles, including the parol evidence rule. See United States v. Ajugwo, 82 F.3d 925, 928 (9th Cir. 1996). Under the parol evidence rule, a court enforces the contract's plain language and does not look to "extrinsic evidence. . . to interpret. . . the terms of an unambiguous written instrument." Wilson v. Arlington Co. v. Prudential Ins. Co. Of Am., 912 F.2d 366, 370 (9th Cir. 1990).

Here, the Plea Agreement explicitly states, in relevant part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government pursuant to this agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(*Plea Agree.* ¶ XI.) At the sentencing hearing, the Court found that the 120-month mandatory minimum applied to Petitioner's case. Because Petitioner's sentence is consistent with the terms of the Plea Agreement, this Court also found that Petitioner's collateral attack is barred, and Petitioner was not entitled to the relief sought.

## IV. CONCLUSION & ORDER

For the reasons outlined above, the Court finds that the issues presented in the Petition were neither debatable among jurists of reason, nor would another court resolve the issues in a different manner. Accordingly, Petitioner's request for a COA (Doc. 72) is **DENIED**. Petitioner's request to proceed IFP on appeal is **GRANTED** (Doc. 73).

**IT IS SO ORDERED.**

DATED: April 10, 2012

_____
Hon. Thomas J. Whelan
United States District Judge